# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Date: April 9, 2010

Courtroom Deputy: Bernique Abiakam
Court Reporter: Suzanne Claar
Probation Officer: Kurt Theone

**Criminal Action No.: 09-cr-00265-REB-1**

| *Parties:* | *Counsel:* |
|---|---|
| UNITED STATES OF AMERICA, | Robert Brown |
| Plaintiff, | |
| v. | |
| 1. JENNIFER RUNK, | John Sullivan |
| Defendant. | |

## SENTENCING MINUTES

**10:02 a.m.** Court in session.

Court calls case. Appearances of counsel.

Defendant is present on bond.

Court's opening remarks.

Pursuant to 18 U.S.C. § 3552 and Fed.R.Crim.P. 32, the Probation Department has conducted a presentence investigation and has filed a presentence report and addendum/addenda.

Counsel for the government confirms that counsel has read the presentence report and addendum/addenda.

Counsel for the defendant informs the Court that counsel has read and discussed the presentence report and addendum/addenda with the defendant.

Defendant's counsel makes a statement on behalf of the defendant, offers information in mitigation of punishment, comments on the probation officer's sentencing guideline applications and calculations, and comments on matters relating to the appropriate sentence.

Defendant is sworn.

Statement by the defendant.

Brief statement by counsel for the government.

The Court has considered all relevant matters of fact and law, including the following:

- The parties' plea agreement under USSG § 6B1.2, including the parties' written stipulation of facts relevant to sentencing under USSG § 6B1.4(a);
- The nature and circumstances of the offense(s) – focusing on "the real conduct" – for which the defendant is being sentenced;
- The history and characteristics of the offender;
- The authorized sentences under 18 U.S.C. § 3551;
- The presentence report and any addendum;
- The basic purposes of criminal punishment: deterrence; incapacitation; just punishment; and rehabilitation as declared in the Sentencing Reform Act of 1984;
- The purposes and goals of sentencing as prescribed by Congress at 18 U.S.C. § 3553(a)(2);
- The factors to be considered in imposing sentence pursuant to 18 U.S.C. §§ 3582(a) and 3553(a)(1)-(7);
- The constitutional and relevant provisions of the advisory USSG;
- The kinds of sentence and the sentencing range established under the USSG for the applicable category of offense committed by the applicable category of defendant pursuant to 18 U.S.C. § 3553(a)(4);
- The need to avoid unwarranted sentencing disparities by "ensuring similar sentences for those who have committed similar crimes in similar ways," *Booker*;
- The need to restitute victims;
- The pertinent policy statements of the US Sentencing Commission;
- The need to impose sentences that satisfy the needs and requirements of 18 U.S.C. § 3553(a)(2);
- The advancement of the seminal congressional goals of honesty,

      uniformity, and proportionality in sentencing;
- The principle and requirement codified at 18 U.S.C. § 3553(a), to impose a sentence that is sufficient, but not greater than necessary, to achieve the congressional goals and purposes of sentencing;
- The propriety or necessity of imposing concurrent or consecutive sentences after considering the provisions of 18 U.S.C. § 3584(a) and (b);
- The position of the government, the defendant, and the probation department;

The Court makes a sentencing statement pursuant to 18 U.S.C. § 3553(c) and enters findings of fact, conclusions of law, judgment(s) of conviction, sentence(s), and orders.

**IT IS ORDERED** as follows:

1. That the plea agreement of the parties as presented in Court's Exhibits 1 and 2 is formally approved;

2. That the pending motions are resolved as follows:

    Government's Motion To Dismiss Counts One Through Three Of The Indictment With Prejudice (Filed 3/25/10; Doc. No. 123) is GRANTED;

    Government's Motino To Grant The Defendant An Additional One-Level Decrease Pursuant To U.S.S.G.§3E1.1(b) (Filed 3/25/10; Doc. No. 124) is GRANTED;

    Government's Motion For Downward Departure (Filed 3/25/10; Doc. No. 117) is GRANTED;

    Defendant's Motion for Variance (Filed 3/30/10; Doc. No. 127) is GRANTED;

3. That judgment of conviction under Fed.R.Crim.P. 32(k) is entered on Count Four of the Indictment;

4. That pursuant to the Sentencing Reform Act of 1984, it is the judgment and sentence of this court that the defendant is committed to supervised probation for a term of **3 years**;

5. That while on supervised probation, the defendant shall comply with the following conditions of probation:

- all mandatory conditions of supervised probation, prescribed by law at 18 U.S.C. § 3583(d) and USSG §5D1.3(a);

- all standard conditions of supervised probation approved and imposed by this court in all such cases and circumstances; and

- the following explicit or special conditions of supervised probation:

    - that the defendant shall not violate any federal, state, or municipal statute, regulation, or ordinance in any jurisdiction or place where defendant may be during the term of supervised probation;

    - that the defendant shall not possess or use illegally controlled substances;

    - that the defendant shall not possess or use any firearm or destructive device as defined under federal law at 18 U.S.C. § 921;

    - that the defendant shall cooperate in the collection of a sample of defendant's DNA;

    - that the defendant shall submit to one drug test within fifteen (15) days from defendant's release from imprisonment, as directed by the probation department, and thereafter, to at least two periodic tests for the use of controlled substances as directed and determined by the court;

    - that the defendant shall make and pay any restitution/fine/assessment as ordered and required by the court;

    - that at defendant's expense, the defendant shall, unless then indigent, undergo a mental health evaluation/alcohol substance abuse evaluation, and thereafter, at defendant's expense receive any treatment, therapy, counseling, testing or education prescribed by the evaluation or as directed by defendant's probation officer or as ordered by the court;

    - that defendant shall abstain from the use of alcohol or other intoxicants during the course of any such treatment, therapy,

4

          counseling, testing, or education; provided, furthermore, that to ensure continuity of treatment, the probation department is authorized to release mental health records and reports of the defendant and the PSR to any person or entity responsible for or involved in the treatment of the defendant;

- that the defendant shall not incur new credit charges or open or establish additional lines of credit without the advance written approval of defendant's probation officer unless defendant is then in complete compliance with the periodic payment obligations imposed in these orders.

7. That no fine is imposed;

8. That the defendant shall pay forthwith a special victim's fund assessment fee of $100.00 for each count of conviction for a total of $100.00;

9. That the mandatory drug-testing provisions of 18 U.S.C.. § 3583(d) are imposed / waived;

10. That the defendant shall pay restitution for the benefit of Guaranty Bank, 1331 17th Street, Denver, Colorado 80202, in the amount of $40,000.00, to be paid jointly and severally with the following defendants:

    Sydney Gary Criminal Case No. 09-cr-00265-REB-2
    Donovan Sommerville Criminal Case No. 09-cr-00265-REB-3
    Kayley Aue Criminal Case No. 09-cr-00265-REB-4
    Terrance Hurt Criminal Case No. 09-cr-00431-LTB-1
    Detrich Dowdell Criminal Case No. 09-cr-00431-LTB-2,

    payable to the care of the Clerk of the Court in full, to be paid in monthly installments of not less than 10% of her monthly gross income as determined periodically by her probation officer;

11. that interest on restitution is waived;

The Defendant waives formal advisement of appeal.

**10:39 a.m.    Court in recess.**
Total time in court: 37 minutes
Hearing concluded.